UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Kassi Avion, et al.**,

    Plaintiffs,

vs.

**Franklin County Prosecuting Attorney's Office,**

    Defendant.

Case No. 05-CV-181
Judge Gregory L. Frost
Magistrate Judge Abel

## OPINION & ORDER

The Court considers this matter pursuant to a motion to dismiss filed by Defendant Franklin County ("Defendant").[1] (Doc. # 6). *Pro se* Plaintiff Kassi Avion filed a response in opposition (Doc. # 8) on behalf of himself and on behalf of Plaintiffs Adjoa Tchankpa and Kamlan Tchankpa ("Plaintiffs"), to which Defendant replied (Doc. # 10). Plaintiff then filed a reply of their own. (Doc. # 11). The Court finds the motion to be well-taken and therefore **GRANTS** the same. (Doc. # 6).

### BACKGROUND

For purposes of deciding the instant motion, and keeping Plaintiffs' *pro se* status in mind, the Court accepts the following facts from the Plaintiffs' complaint as true. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990) (in ruling on motion to dismiss, court must assume as true all well-

---

[1] Plaintiffs named the Franklin County Prosecutor's Office as a Defendant in their complaint but the summons indicated that Franklin County is the Defendant. Additionally, Plaintiffs indicate in their filings that they only intended to name Franklin County as a Defendant. (Doc. # 8 at 3, 8). Accordingly, the Court, taking Plaintiffs' *pro se* status into consideration, will treat Franklin County as the proper Defendant in this matter.

1

pleaded facts in complaint).

Plaintiff Kassi Avion ("Avion") is the father of Plaintiffs Adjoa Tchankpa ("Adjoa") and Kamlan Tchankpa ("Kamlan"). (Doc. # 1 at 1). Avion was involved in a custody dispute with the children's mother, Marcelline Gatorano, in the Juvenile Division of the Franklin County, Ohio Court of Common Pleas. *Id.* Because Avilon alleged that Gatorano abused and/or neglected the children, the Court appointed Attorney Clarence Mingo ("Mingo") to investigate the allegations and act as the children's guardian *ad litem*. *Id.* It was during this period that Kamlan began performing poorly at school. *Id.* at 1-2.

Mingo completed his investigation and determined that Gatorano had not abused or neglected the children. *Id.* at 2. He recommended the implementation of a "5/9 shared parenting plan." *Id.* The judge apparently agreed with Mingo's findings and issued an appropriate order. Subsequently, Avion filed a motion with the juvenile court to increase the amount of time he could spend with Kamlan to help him with his schoolwork.[2] *Id.* The court conducted a hearing on the motion, and at that hearing Mingo allegedly told Avion that he did not have any right to see his children even though he was the children's father. *Id.* After the hearing, the court denied Avion's motion and the instant suit followed.

Avion alleges that Mingo's comments to the effect that Avion did not have a right to see his children and Mingo's recommendations that the children's mother have more time with the children violated his right to equal protection. *Id.* at 3, 4, 5. Additionally, Avion claims that Mingo's actions violated the: (1) Elementary and Secondary School Act of 1965, 20 U.S.C. § §

---

[2] Ostensibly, Avion filed a motion for a temporary restraining order to prevent the custody order from going into effect.

241(a) *et seq*; (2) No Child Left Behind Act of 2001, 20 U.S.C. § 7231; (3) Uniform Child Custody Jurisdiction and Enforcement Act,[3] Ohio Revised Code § 3127.01.01 *et seq.*; and (4) Child Abuse Prevention and Treatment Act, 42 U. S. C. § 5101. *Id.* at 2-5. Plaintiffs' Complaint fails to name Mingo as a Defendant; rather, Plaintiffs allege that Defendant Franklin County is liable for his actions because Mingo is Defendant's agent. (Doc. # 8 at 2).

Defendant's motion to dismiss for failure to state a claim upon which relief may be granted is currently before the Court. (Doc. # 6). For the reasons that follow, the Court will **GRANT** the motion. *Id.*

### STANDARD OF REVIEW

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6). Dismissal is warranted under that rule " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997). The focus is therefore not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). In making such a determination, a court must " 'construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein.' " *Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of*

---

[3]Plaintiffs' Complaint references the "Uniform Parental Rights Enforcement and Protection Act." (Doc. # 1 at ¶ 3). The Court could not find that statute, and presumes that Plaintiffs intended to cite to the Uniform Child Custody Jurisdiction and Enforcement Act.

*Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994)). A court need not, however, accept conclusions of law or unwarranted inferences of fact. *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003).

## DISCUSSION

Defendant moves to dismiss Plaintiffs' Complaint, arguing that it fails to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) for three reasons. (Doc. # 6). First, Defendant argues that Avion can represent himself but cannot represent his children. *Id.* at 2. Second, Defendant points out that Franklin County is a geographical boundry and not a person under 42 U.S.C. § 1983. *Id.* at 4. Third, and finally, Defendant asserts that Mingo is not its agent. *Id.* at 4; Doc. # 10 at 1. Because Defendant's last argument proves dispositive, the Court will not examine Defendant's alternative reasons for granting Defendant's motion to dismiss.

Defendants correctly point out that Ohio Revised Code § 2151.281 provides "the *Court* shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged abused or neglected child." (Emphasis Added). Clearly, then, Defendant had no role in Mingo's appointment and no control over his actions. Thus, Mingo is not an agent of Defendant and all of Plaintiffs' claims fail.[4] As such, the Court **GRANTS** Defendant's motion

---

[4] "'Parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative.'" *Cavanaugh v. Cardinal Local Sch. Dist.*, 2005 U.S. App. LEXIS 8867, at * 3 (6th Cir. 2005) (quoting *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002)). Thus, Avion, as a non-attorney, may not assert any claims on behalf of his children. The Court therefore dismisses any and all claims Avion attempts to assert on his children's behalf. (Doc. # 6 at 3).

4

to dismiss. (Doc. # 6). The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED.**


    /s/   Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**